UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM E. BUTTS,

                                          Plaintiff,

        -v.-                                                                           6:01-CV-0118
                                                                                                   (LEK/DRH)

KENNETH APFEL,

Commissioner of Social Security,

                                          Defendant.

---

**DECISION AND ORDER**

**I. Background**

William E. Butts ("Plaintiff") moved, in this action for Social Security benefits, for an order awarding attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d), on March 17, 2006.[1]  Motion for attorney's fees (Dkt. No. 23).  Plaintiff requests fees for attorney work done at both the district court and the circuit level.  Id.  The Commissioner of Social Security ("Defendant") opposes Plaintiff's Motion to the extent he seeks fees for work done before the Second Circuit Court of Appeals, on the grounds that (1) Plaintiff was not successful before the Second Circuit, (2) the hours claimed are excessive and (3) the rate requested is excessive.  Deft's Response (Dkt. 26).

This application refers to Plaintiff's claim for disability benefits, which was denied by an

---

[1] Plaintiff's motion cites 42 U.S.C. § 406(b) as the statutory basis for his motion.  However, as 28 U.S.C. § 2412 is the correct statutory basis for attorney fees in this case, this Court will analyze this motion under 28 U.S.C. § 2412.

administrative law judge on January 20, 1999.  Plntf's Mem. of Law (Dkt. No. 23, Attach. 1) at 2.  After appealing and receiving a final, unsuccessful determination from the Commissioner of Social Security, Plaintiff filed in the District Court for the Northern District of New York.  Id.  On December 2, 2002, United States Magistrate Judge David R. Homer ruled that the case should be remanded to the Commissioner for vocational expert testimony at "step 5" of the evaluation process.  Id.  This Court affirmed Judge Homer's Report and Recommendation.  Id.  Plaintiff then appealed to the Second Circuit, asserting that the case should have been remanded only for the calculation of disability benefits and seeking no other relief.  At the Second Circuit, the Commissioner argued that this Court's decision should be affirmed.  Deft's Mem. of Law (Dkt No. 26) at 2-3.  Ultimately, the Second Circuit affirmed this Court's decision, while *sua sponte* imposing a deadline for the completion of the remanded proceedings.  Butts v. Barnhart, 388 F.3d 377, 387 (2d Cir. 2004).  Upon panel rehearing requested by the Commissioner, the Second Circuit extended the deadline from 60 to 120 days.

**II.  Analysis**

The Equal Access to Justice Act allows for an award of attorney fees against a prevailing party in any civil action brought by or against the United States.  28 U.S.C.A § 2412(d).

Under the terms of the statute, "no fee award is permissible until the plaintiff has crossed the statutory threshold of prevailing party status.  In this regard, the [Supreme] Court indicated that a typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 1989).  The Second Circuit has found that a social security claimant prevails when it is

2

determined that he is entitled to social security benefits. Green v. Bowen, 877 F.2d 204, 206 (2d Cir. 1989). See also Nazario v. Comm'r of Soc. Sec., 04 Civ. 2453, 2006 U.S. Dist. LEXIS 94512, at *4 (S.D.N.Y. Dec. 28, 2006). In this case, Plaintiff has not shown, or even asserted, that his claim for benefits was ultimately successful. Without this showing, Plaintiff cannot be considered a prevailing party for the purposes of the Equal Access to Justice Act. See Green, 877 F.2d at 205-6. If there has not yet been a determination concerning Plaintiff's entitlement to benefits, then his application is premature. Id. Alternately, even if the determination has been made, Plaintiff has failed to establish that this prerequisite for attorney fees was met. Either way, Plaintiff's Motion must be dismissed and it is unnecessary to go into the other issues concerning his application for fees at this time.

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for attorney's fees (Dkt. No. 23) is hereby **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:	July 20, 2007
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

3