UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM E. BUTTS,

      Plaintiff,

  -against-                                      6:01-CV-00118
                                                        (LEK/DRH)

MICHAEL J. ASTRUE, Commissioner
of Social Security,[1]

      Defendant.

## **MEMORANDUM-DECISION AND ORDER**[2]

**I.    BACKGROUND**

In the matter before the Court, Plaintiff William E. Butts ("Butts") seeks attorneys' fees pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412; Second Motion (Dkt. No. 31, Attach. 3). This case arose from an appeal by Plaintiff in opposition to the Social Security Commissioner's ("Commissioner" or "Defendant") final decision to deny benefits. This Court approved the portion of Magistrate Judge David R. Homer's Report-Recommendation that found that the Commissioner failed to properly ascertain whether Plaintiff could participate in the national economy. Decision (Dkt. No. 11). Accordingly, this Court vacated the Commissioner's determination and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). Id. Subsequently, Plaintiff appealed the Order on the ground that the remand should be limited to the calculation of benefits. Second Motion (Dkt. No. 31, Attach. 6). The Second Circuit affirmed this

---

    [1] Commissioner Michael J. Astrue has been substituted as the named Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

    [2] For printed publication by the Federal Reporters.

1

Court's remand but *sua sponte* added a sixty-day deadline for the Commissioner to determine Plaintiff's eligibility for benefits. Id. Defendant petitioned the Second Circuit for rehearing, and as a result the Commissioner received an additional sixty-day time extension. Butts v. Barnhart, 416 F.3d 101, 103 (2d. Cir. 2005). Plaintiff thereafter submitted an application to this Court for attorneys' fees, which was denied without prejudice. Decision and Order (Dkt. No. 30).

Plaintiff filed this Motion on August 17, 2007, seeking attorneys' fees and costs totaling $33,180.11. Second Motion (Dkt. No. 31, Attach. 3). The Commissioner contests this amount on the basis that Plaintiff's attorney, Eugene D. Faughnan, should not receive compensation for appellate work and, in the alternative, argues that if counsel is paid for appellate work, the amount should be greatly reduced. See Response in Opp. (Dkt. No. 33) at 20.

In accordance with the Local Rules of the Second Circuit, this Court will not consider an award of attorneys' fees for work done related to the Plaintiff's appeal. 2d Cir. R. § 0.25; see also Smith by Smith v. Bowen, 867 F.2d 731, 736 (2d Cir. 1989) (explaining that "applications [under the EAJA] for appellate fees in this Circuit should be filed directly with the Court of Appeals."). Thus, for the reasons set forth herein, Butts' Motion is granted in part and denied in part.

**II.   DISCUSSION**

The EAJA provides an award for attorneys' fees and costs to the prevailing party in social security litigation against the United States, unless the position of the government was "substantially justified or that special circumstances make an award unjust." See 28 U.S.C. § 2412(d)(1)(A). In order for a party to be awarded attorneys' fees under the EAJA, the petitioner must demonstrate that he or she: 1) is the prevailing party; 2) eligible to receive an award; 3) enumerate the amount sought;

2

4) show the rate at which fees were computed; and 5) allege that the position of the United States was not substantially justified. See § 2412(d)(1)(B).

For the purposes of social security litigation, a plaintiff is deemed to be a "prevailing party" upon obtaining a remand under sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 297-301 (1993). In the case at hand, this Court vacated the Commissioner's determination and remanded the matter pursuant to sentence four of § 405(g). Decision (Dkt. No. 11) at 5. The second element requires that the party be eligible to receive the award. See 28 U.S.C. § 2412(d)(1)(B). The statute qualifies the meaning of eligible party to mean "an individual whose net worth did not exceed $2,000,000 at the time of the civil action was filed." § 2412(d)(2)(B). Plaintiff stipulates that according to administrative records submitted by Defendant, Plaintiff's assets are substantially less than $2,000,000. Second Motion (Dkt. No. 31, Attach. 3).

In addition, the party seeking fees must specify the amount sought and substantiate it by submitting an itemized statement. See 28 U.S.C. § 2412(d)(1)(B). Butts seeks a total fee, including appellate work, of $33,180.11. Second Motion (Dkt. No. 31, Attach. 3) at 6; see also id. (Dkt. No. 31, Attach. 1) at 2-11. The statute also requires that the party establish the "rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff asks for an hourly rate of $200. Second Motion (Dkt. No. 31, Attach. 3) at 5. As noted above, the Court will reimburse only for reasonable hours expended in relation to activities at the district court level. After reviewing the Affidavit of Services submitted by Plaintiff's counsel, the Court will recognize 39.70 hours for work related to this matter as follows: 17.2 hours for 2001, 8.5 hours for 2002, 1.6 hours for 2003, 1.8 hours for 2005, and 11.3 hours for 2006. See id. (Dkt. No. 31, Attach. 1) at 2-10.

Plaintiff submits that the court should award him fees at the rate of $200 per hour due to his

experience and abilities as counsel, and the quality of representation and results achieved. See id. (Dkt. No. 31, Attach. 11) at 6-7. The Commissioner opposes the increased rate. Response in Opp. (Dkt. No. 31) at 15. The EAJA requires reimbursement at a rate no more than $125 per hour, plus a cost of living adjustment (COLA), unless the court finds a special factor justifying a higher fee. See 42 U.S.C. § 2412(d)(2)(A).

In this case, Plaintiff has not sufficiently demonstrated the compelling circumstances that the Court requires to justify an upward departure from the statutory reimbursement rate. Therefore, this Court will apply a COLA to the $125 hourly rate pursuant to Kerin, which instructs district courts to apply the "All Items" Consumer Price Index (CPI) for the year in which the work was performed. Kerin v. U.S. Postal Service, 218 F.3d 185, 194 (2d Cir. 2000). In order to account for the COLA, the average annual hourly rates based on the CPI is multiplied by the total number of reimbursable hours per annum.[3] The total fee amounts for the aforementioned years are: $2,444.98, $1,227.49, $236.34, $282.22 , and $1,828.79, respectively. The total amount awarded for attorneys' fees is $6,019.82. In addition, the Court also compensates for mailing and filing fees totaling $195.11.

Lastly, the party must allege that the position of the Government was not "substantially justified." See 28 U.S.C. § 2412(d)(1)(B). In this step, after the party's assertion, the burden shifts to the Government to prove that its position was "substantially justified." See 28 U.S.C. §

---

[3] The Consumer Price Index for "All Urban Consumers (CPI-U) U.S. City Average All Items" and Hours Rates Based on COLA were provided by the United States Department of Labor, Bureau of Labor Statistics. Materials are available at ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt. The equation to determine the hourly rate is: $125 (statutory limit) multiplied by the average CPI-U for targeted year; the total is divided by the CPI-U from March 1996.

2412(d)(1)(A); see also Green v. Bowen, 877 F.2d 204, 207 (2d Cir. 1989); Rosado v. Bowen, 823 F.2d 40, 42 (2d Cir. 1987).  In order to determine whether the Government was "substantially justified, courts are to apply a standard of reasonableness." Green 877 F.2d at 207; Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

    Here, Plaintiff contends that the Government's position was not substantially justified.  Second Motion (Dkt. No. 31, Attach. 3) at 5.  In its response, the Government does not present a rationale for its assertion that the government was substantially justified.  See Response in Opp. (Dkt. No. 33) at 6.  Nonetheless, the statute requires the court to review the record to determine whether the Government was substantially justified.  See 28 U.S.C. § 2412(d)(1)(B).  In his Report-Recommendation, Judge Homer, citing to Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996), stated that "[i]t is inappropriate for an ALJ to apply the grids to determine the disability of a claimant whose exertional capabilities are extremely limited by his or her non-exertional impairments."  Report-Recommendation (Dkt. No. 8) at 13.  In fact, the Second Circuit has long held that where the guidelines fail to describe the full extent of a claimant's physical limitations, the Commissioner must "introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform." Bapp v. Bowen, 802 F.2d 601, 603 (2d Cir. 1986).  Thus, in light of the Second Circuit precedents regarding the inadequacy in the use of grids, this Court concludes that the Commissioner was not substantially justified.

### III. CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Motion for attorney fees (Dkt. No. 31) is **GRANTED** to the extent that Plaintiff is awarded a total amount of $6,214.19 in accordance with 28 U.S.C. § 2412; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   July 16, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge